IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03485-BNB

RICKY E. CHAVEZ,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DIVISION OF ADULT PAROLE,
AMY HEBRARD, and
JOE THISTLEWOOD,

    Respondents.

## ORDER TO FILE PRELIMINARY RESPONSE

    Applicant, Ricky E. Chavez, currently is detained at the Denver County Jail in Denver, Colorado. Mr. Chavez, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging an alleged parole hold.

    As part of the preliminary consideration of the Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Preliminary Response. Respondents may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.

Finally, the Court notes that Applicant lists the Colorado Department of Corrections and Division of Adult Parole as Respondents in the caption of the Application. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). For purposes of response the only proper Respondents are Amy Hebrard and Joe Thistlewood. Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents Amy Hebrard and Joe Thistlewood shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents Amy Hebrard and Joe Thistlewood do

not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Preliminary Response.

Dated:  December 26, 2013

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge