IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03485-BNB

RICKY E. CHAVEZ,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DIVISION OF ADULT PAROLE,
AMY HEBRARD, and
JOE THISTLEWOOD,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Ricky E. Chavez, currently is detained at the Denver County Jail in Denver, Colorado. Applicant filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Applicant is proceeding *pro se* and has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On December 26, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Preliminary Response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On January 16, 2014, pursuant to the Court's directive, Respondents filed a Preliminary Response. Applicant has not filed a Reply within the time allowed.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's

advocate.  *See Hall*, 935 F.2d at 1110.  The action will be dismissed for the reasons stated below.

Applicant asserts that while serving a mandatory parole sentence in Colorado he was charged with a new crime and now is being held pursuant to a parole hold until he either is sentenced for the new crime or the new case is dismissed.  Applicant contends his constitutional rights are being violated because he is denied his right to bail or bond and the parole hold will continue past February 14, 2014, the mandatory discharge date for the sentence he currently is serving.  Application, ECF No. 1, at 2-3.

Respondents argue that the Application should be denied because Applicant has failed to exhaust his state court remedies.  Prelim. Resp., ECF No. 10, at 4. Respondents attached a list of Applicant's criminal and civil state cases that indicates he has not filed a state court action either in his criminal case or by filing a civil habeas action.  *Id.*, at ECF Nos. 10-1 and 10-3.

A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies.  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).  Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts."  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  This requirement "is satisfied if the federal issue has been properly presented to the highest state court."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of

showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.'"  *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Applicant has failed to respond to the affirmative defense raised in this action, and he fails to demonstrate in the Application that he has fairly presented his claims to any state court.  Therefore, the action will be dismissed for failure to exhaust state remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED February 19, 2014, at Denver, Colorado.

> BY THE COURT:
>
>   s/Lewis T. Babcock
> LEWIS T. BABCOCK, Senior Judge
> United States District Court